IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRED BEANE and<br>NEWCO, INC.<br><br>Plaintiff,<br><br>vs.<br><br>MCOAL CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. _____<br>)<br>)  **JURY TRIAL REQUESTED**<br>)<br>)<br>)<br>) |

## COMPLAINT

### PARTIES

1. Fred Beane, is an individual citizen of Kentucky, who entered into a "Gross Overriding Royalty" contract with the defendant in 2010.

2. Newco, Inc. is a Kentucky Corporation, with its principal place of business in Kentucky, that has been assigned payment rights from plaintiff Beane under the "Gross Overriding Royalty" contract.

2. MCoal Corporation is a Nevada Corporation, doing business in Blount County Alabama, with a nominal "place of business" office in Wise, Virginia, but

with all of its mining operations occurring at the Rosa Mine in Blount County Alabama - 59950 Us Highway 231 Oneonta, AL 35121.

## JURISDICTION

3. Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

4. This Court has subject matter jurisdiction over the parties to this cause pursuant to Title 28 U.S.C. 1332(a)(1) based on diversity of citizenship.

5. The defendant is diverse to the plaintiffs.

6. The amount in controversy in this matter exceeds $75,000.00.

7. This is a suit for breach of contract wherein the plaintiffs are owed back payments under a "Gross Overriding Royalty Agreement" with the defendant.

8. Defendants have admitted that, as of August 1, 2016, plaintiffs were owed $531,364.62.[1]

9. Plaintiffs contend that they are owed an amount that reflects the $10,000.00 per month minimum royalty payment for every month from March 2012 until present day, in addition to statutory interest in the amount of 6% per annum under Alabama law.

---

[1] See MCoal "Unpaid Bills" (Accounts Payable), run through August 1, 2016, attached hereto as Exhibit "1").

10. Given these facts, and in light of the respective citizenship of the parties, plaintiffs contend that jurisdiction is proper before this Court as to both complete diversity and amount in controversy.

## VENUE

11. Venue is proper in this district and division pursuant to Title 28 U.S.C. 1391(c) because the defendants are subject to personal jurisdiction in the State of Alabama

12. MCoal Corporation is a licensed mine operator with the Alabama Surface Mining Commission ("ASMC"); Licence Number 0796.

13. The "Gross Overriding Royalty" contract concerns the Rosa Mine, located in Blount County Alabama; Permit Number 3931.

14. The contract itself is an addendum incorporated into the Probate Records of Blount County Alabama; Book 2009, Page 13994.

15. Defendants' business in the state of Alabama with respect to this matter establishes that the Northern District of Alabama is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Quoting, Venue generally, 28 USCA § 1391.

## STATEMENT OF FACTS

16. Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

17. This action is brought for breach of contract of a "Gross Overriding Royalty" agreement that has been attached hereto as Exhibit "2."

18. Defendant MCoal agreed to pay the plaintiffs a "Gross Overriding Royalty" of 1% of all coal mined at the Rosa Mine in Blount County.

19. The "Gross Overriding Royalty" payment is subject to a "minimum monthly payment," of $10,000.000, to be paid in the event the "Gross Overriding Royalty" is less than $10,000.00.

20. Payments were due to the plaintiffs beginning on the date that MCoal commissioned a "coal washing facility" at the Rosa Mine.

21. The "coal washing facility" was commissioned at the Rosa Mine in October 2011.

22. The defendant made payments to the plaintiffs in the following amounts from October 2011 through February 2012 (See "Royalty Statement," attached hereto as Exhibit "3"):

| | |
|---|---|
| October 2011 | $10,000.00 |
| November 2011 | $10,000.00 |
| December 2011 | $17,134.97 |

January 2012           $11,672.40
February 2012          $10,000.00

23. Defendants have paid $58,807.37 of the $2,400,000.00 total royalty payment that is owed to the plaintiffs.

24. As of the filing of this Complaint, Defendants have defaulted on 61 months of minimum royalty payment.

25. Under Alabama law "[w]here no written contract controls the interest rate, the legal rate of prejudgment interest is six percent per annum. *Burgess Mining & Constr. Corp. v. Lees*, 440 So.2d 321 (Ala.1983); *West Ala. Health Serv., Inc. v. J.T. May Drugs, Inc.*, 608 So.2d 749 (Ala.Civ.App.1992).

26. Including the prejudgment interest owed under the agreement, the balance owed to the plaintiffs by the defendants totals $685,340.64.

27. Since the default on the payments owed to the plaintiffs, MCoal has changed ownership at least three times, most recently in the last quarter of 2016.

28. Based on documents filed with the Alabama Secretary of State, MCoal Corporation filed its registration as a Foreign Corporation on November 7, 2008 and has filed changes to its Registered Agent Registration five times, including three times in 2016 (Secretary of State Filings, attached hereto as Exhibit "4").

29. On information and belief, MCoal is insolvent as a result of the

significant amount of money owed to the plaintiffs.[2]

30. In spite of being insolvent, MCoal was purchased by a Company called Carbon Minerals Corporation, who in turn sold a 20% interest in the Rosa Mine to Regency Mines. (See Press Releases from November 2016 to March 27, 2017, attached hereto as Exhibit "5").

31. MCoal's only valuable asset, and the reason it has not declared bankruptcy, is the permit it holds with the ASMC to mine coal at the Rosa Mine.

32. On information and belief, based on its failure to pay the plaintiffs and the dilatory tactics employed by MCoal in negotiating with the Plaintiffs, it is clear that the MCoal intends to transfer its permit for the Rosa Mine so as to prevent the Plaintiffs from ever recovering the money they are owed.

## COUNT I
## BREACH OF CONTRACT

33. Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

34. The plaintiffs had an enforceable contract with the defendants.

35. The defendants have breach the contract by failing to pay the minimum royalty payment owed since March 2012.

---

[2]The purchaser's website indicates that it "purchased the Rosa Mine out of a near bankruptcy situation."

36. The plaintiffs seek payment of all a funds owed under the contract, plus all recoverable interest as a matter of Alabama law.

## COUNT II
## PRAYER FOR INJUNCTIVE RELIEF

37. Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

38. MCoal Corporation is the valid permit holder for the Rosa Mine; ASMC Permit Number P-3931.

39. By application, the ASMC will allow the transfer of a surface mining permit, assuming certain conditions are met under the Alabama Surface Mining Reclamation Act of 1975.

40. The ASMC will hold the transfer in abeyance if it receives validly issued order from a Court with Jurisdiction.

41. MCoal has no assets to satisfy the debt owed to the plaintiffs and faces significant start-up costs to renew coal production at the Rosa Mine.

42. The corporate shell-game that has been employed with respect to the ownership of MCoal is an attempt to avoid payment of the debt owed to the plaintiffs.

43. While several different entities have owned MCoal since its inception, many of the same people who have managed or owned those entities have continued

to work for, **and have a financial interests in**, the companies that own MCoal Corporation, whether as "consultants," managers, or shareholders.

44. If allowed to transfer its permit to the Rosa Mine, MCoal Corporation will be effectively worthless causing irreparable harm to the plaintiffs.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the plaintiff seeks recovery of all damages available under Alabama law and requests injunctive relief preventing the defendant from transferring its ASMC-issued permit to another business entity.

Respectfully Submitted,

*/s/ J. Michael Bowling*

J. Michael Bowling (ASB-8261-w86j)
mbowling@friedman-lawyers.com
Joseph L. Kerr, Jr. (ASB-1675-o68k)
jkerr@friedman-lawyers.com

Friedman, Dazzio, Zulanas & Bowling, P.C.
P.O. Box 43219
Birmingham, AL  35243-3219
Phone: (205) 278-7006
Fax: (205) 278-7001

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

## CERTIFICATE OF SERVICE

I hereby certify that on April 6th, 2017, I manually filed the foregoing with the Clerk of the Court and instituted service by the U.S. Mail which will send notification of such filing to the following:

Ronald B. Maples
As Registered Agent for MCoal Corporation
281 County Road 278
Stevenson, AL 35772

And to Corporate Office

MCoal Corporation
Attn: Bruce B. Klassen
609 Hoback Street NE
Wise, VA 24293

_____
Of Counsel