**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| FRED BEANE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case Number: 2:17-cv-00554-JHE |
| | ) | |
| MCOAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION[1]**

Plaintiffs Fred Beane ("Beane") and Newco, Inc. ("Newco") initiated this action against

MCoal Corporation ("MCoal") alleging a state law claim for breach of contract based on MCoal's

alleged failure to pay the plaintiffs a "Gross Overriding Royalty" payment and seeking injunctive

relief to prevent MCoal from transferring its permit to the subject mine.  (Doc. 1).   On September

13, 2017, Lewis Page, counsel for MCoal moved to withdraw. (Doc. 23). On October 16, 2017,

the undersigned held a hearing on the motion. In addition to counsel who appeared in person,

Stephen Moscicki, a representative for MCoal, appeared by telephone. At the hearing, the

undersigned explained that MCoal is an artificial entity that cannot proceed without counsel, and

that Mr. Page would not be forced to represent MCoal if he was not being paid.  When MCoal

neither worked out its issues with Mr. Page nor retained other counsel within the time permitted,

the undersigned granted Mr. Page's motion to withdraw.  (Doc. 27).

Because it is a corporation, MCoal must be represented by counsel to take any action in

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 19).

federal court. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). MCoal is not represented by counsel and in peril of a default judgment being entered against it. *See e.g., SunSouth Capital, Inc. v. Harding Enterp., LLC*, No. 1:15-cv-823-WKW, 2017 WL 4079720, *2 (M.D. Ala. Sept. 14, 2017) (declining to rule on a summary judgment motion as to an unrepresented entity and instead directing the plaintiff to purse a default judgment). Accordingly, on November 30, 2017, the Clerk entered default as to MCoal. (Doc. 31). Plaintiffs now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 34). Based on the following, the motion for default judgment (doc. 34) is due to be **GRANTED**.

### I. Background and Analysis

Plaintiffs contend MCoal is in breach of a "Gross Overriding Royalty" agreement. (*See* doc. 1, doc. 28-2 at 2-13). According to the agreement, MCoal agreed to pay the plaintiffs a "Gross Overriding Royalty" of 1% of all coal mined at the Rosa Mine in Blount County in exchange for 2,000,000 "Consideration Shares." (Doc. 28-2 at 2). The "Gross Overriding Royalty" payment is subject to a "minimum monthly payment" of $ 10,000.00, to be paid in the event the "Gross Overriding Royalty" is less than $ 10,000.00. (*Id.*). The maximum aggregate amount is $ 2.4 million dollars. (*Id.*).

Payments were due to the plaintiffs beginning on the date that MCoal commissioned a "coal washing facility" at the Rosa Mine. (Doc. 28-2 at 2; doc. 28-2 at 15, ¶4). The "coal washing facility" was commissioned at the Rosa Mine in October 2011, and payments began as contemplated under the agreement. (Doc. 28-2 at 15, ¶¶5-6).

MCoal made payments to the plaintiffs in the following amounts from October 2011

through February 2012:

| | |
|---|---|
| October 2011 | $ 10,000.00 |
| November 2011 | $ 10,000.00 |
| December 2011 | $ 17,134.97 |
| January 2012 | $ 11,672.40 |
| February 2012 | $ 10,000.00 |

(Doc. 29-2 at 19). Per the terms of the contract, defendant made three payments under the "minimum monthly payment" condition and two payments under the 1% "Gross Overriding Royalty" condition. (Doc. 28-2 at 15, ¶6).

MCoal has paid $ 58,807.37 of the $2,400,000.00 total royalty payment that is owed to the plaintiffs. (Doc. 29-2 at 19). As of the filing of this Complaint, MCoal has defaulted on sixty-seven months of minimum royalty payments. (Doc. 28-2 at 15, ¶7). Including the prejudgment interest owed under the agreement, the balance owed to the plaintiffs by the MCoal totals $ 751,314.16. (*See* doc. 28-2 at 21-22).

MCoal owes 164.87 remaining months of "minimum monthly payments" under the contract, which, discounted to present value with a discount rate of 6% statutory interest, amounts to $1,090,990.44. (Doc. 28-2 at 24).

Since default on the payments owed to the plaintiffs, MCoal has changed ownership at least three times, most recently in the last quarter of 2016. (*See* doc. 28-2 at 26-35; doc. 28-2 at 16, ¶10).

During the course of the last five years, Newco has attempted to negotiate payment of the delinquent funds with no success. (Doc. 28-2 at 16, ¶8). During these negotiations, MCoal has never denied that it owes the —minimum monthly payment to Newco. (*Id.* at ¶9).

3

MCoal has attempted to sell and/or transfer ownership shares in the company on numerous occasions since initially defaulting on the money owed to Newco. (*Id*. at ¶10). Newco has been personally notified in each of those negotiations as the largest creditor of MCoal and the debt owed to Newco has been included in sales information for MCoal. (*Id.* at ¶¶ 11-12; doc. 28-2 at 37). On each attempt to transfer of ownership or control, representatives from MCoal have indicated their intent to fully pay the defaulted sums representing the "minimum monthly payment" owed. (Doc. 28-2 at 16, ¶12).

Given that the default has reached its fifth year, Plaintiffs contend it cannot be reasonably expected that MCoal will be able to repay the amount owed under the Agreement. (*See* doc. 28-1 at 6).

Nothing in the record refutes Plaintiffs' claim of entitlement to the "Gross Overriding Royalty" payments owed, both defaulted and future, as well as costs, which appear reasonable**.**

## II. Conclusion

Judgment will be entered in accordance with Rule 55(b) of the Federal Rules of Civil Procedure in the amount of **$ 1,842,704.60**, representing $ 751,314.16 in defaulted payments, $ 1,090,990.44 in future payments owed, and $ 400.00 in court costs.

Based on the foregoing, the motion for default judgment (doc. 34) is **GRANTED**. A Final Judgment will be entered by separate order.

DONE this 18th day of December, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE